**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DANIEL B. FISHER,

     Plaintiff,

v.                                                                   No. 1:23-cv-28 JB/KRS

WALMART, REGISTERED AGENT,

     Defendant.

**<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>**

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment, (Doc. 8), Motion to Remand, (Doc. 15), and Motion for Hearing, (Doc. 19).  Defendant has filed responses in opposition to each of the motions.  (Docs. 13, 16, and 20).  The presiding judge referred this case to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to recommend an ultimate disposition of the case.  (Doc. 11).  Having considered the parties' submissions, the relevant law, and the record of the case, the Court recommends that Plaintiff's request to file electronically be granted and that Plaintiff's Motions otherwise be denied.

Because Plaintiff is a pro se litigant, the Court must construe his pleadings liberally and hold him to a less stringent standard than is required of a party represented by counsel.  *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**A.  Motion for Default Judgment**

On December 12, 2022, Plaintiff filed a lawsuit against Defendant in the State of New Mexico, County of Santa Fe, First Judicial District Court.  (Doc. 1-1) at 5-13.  Plaintiff alleges he

was injured at a Wal-Mart store in Los Lunas, New Mexico on September 18, 2021, when he

slipped on the floor.  (Doc. 1) at 2.  Defendant removed the case to this Court on January 10,

2023 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  *Id.*  Defendant also filed an

Answer to Plaintiff's Complaint on January 10, 2023.  (Doc. 3).

On February 21, 2023, Plaintiff filed a document titled "Motion for Default Judgment"

and "Response to Answer to Complaint Motion for Default Judgment," in which he states that

Defendant's Notice of Removal was filed incorrectly in this Court, instead of state court, and that

the Notice of Removal fails to include a "short and plain statement of the grounds for removal"

and does not include a copy of the Complaint.  (Doc. 8) at 2-3.[1]  Plaintiff further states that

Defendant has failed to answer the allegations in the Complaint, which is grounds for default

judgment.  *Id.* at 3.

Defendant's Notice of Removal was properly filed in this Court within thirty days of

receipt by Defendant of Plaintiff's state court Complaint.  *See* 28 U.S.C. § 1446(a) ("A defendant

or defendants desiring to remove any action from a State court shall file in the district court of

the United States for the district and division within which such action is pending a notice of

removal … containing a short and plain statement of the grounds for removal, together with a

copy of all process, pleadings, and orders served upon such defendant or defendants in such

action."); 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be

filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the

initial pleading setting forth the claim for relief upon which such action or proceeding is based

… .").  Contrary to Plaintiff's assertions, Defendant's Notice of Removal was properly filed in

---

[1] As part of Document 8, Plaintiff also filed a document titled "Notice to Withhold Consent" in which he asks that his case remain in state court.  The Court will address that request below as part of Plaintiff's Motion to Remand.

this Court and contains the grounds for removal, a copy of the Complaint, and all other pleadings and orders filed in the state case. *See* (Doc. 1-1). In addition, Defendant has filed an Answer addressing the allegations in the Complaint. *See* (Doc. 3). The Court finds that Plaintiff has not set forth any grounds for a default judgment and the Court recommends the Motion for Default Judgment be denied.

**B. Motion to Remand and Motion for Hearing**

Next, Plaintiff asks the Court to remand his case to state court for the reasons stated in his Motion for Default Judgment and because Plaintiff alleges he has not been properly notified of the documents filed in this case. (Doc. 15) at 1. Plaintiff also requests permission to file and receive notices electronically and provides his e-mail address. *Id.* Defendant responds that it has properly removed this case to federal court and has notified Plaintiff of filings in this case by serving him by U.S. mail and e-mail. (Doc. 16) at 1-3. Defendant does not object to Plaintiff filing and receiving notifications in this case by e-mail.

Defendant removed this case to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1) at 1-2. Removal of civil actions based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires an amount in controversy in excess of $75,000 and complete diversity of citizenship between plaintiffs and defendants. "Federal jurisdiction is determined based on the facts as they existed at the time the complaint was filed." *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citation omitted). Defendant states in its Notice of Removal that Plaintiff is a citizen of the State of New Mexico, and Defendant is a Delaware limited partnership with a sole general partner that is a Delaware limited liability company, and a sole limited partner that is also a Delaware limited liability partner. (Doc. 1) at 3-4. Defendant further states that the sole member of its partners is an Arkansas limited liability

company, and the sole member of the limited liability company is a Delaware corporation. *Id.* at
4.  Defendant notes that the face of Plaintiff's Complaint prays for damages in the amount of
$200,000 and for interest and court costs. *Id.* (citing Complaint, Doc. 1-1 at 5, ¶2).

Plaintiff argues this case should be remanded for the reasons "enumerated in the Motion
for Default and the Response to Answer to Complaint."  (Doc. 15) at 1.  The Court has already
recommended denying Plaintiff's Motion for Default for the reasons set forth above.  Regarding
Plaintiff's statements about receiving filings in this case, the docket reflects that all documents
filed in this case have been mailed to Plaintiff's address of record.  The Court encourages
Plaintiff to verify with the Clerk's Office that his address is correctly listed on the docket. *See*
D.N.M.LR-Civ. 83.6 (providing that all parties, including parties appearing pro se, have a
continuing duty to notify the Clerk, in writing, of any change in their mailing addresses,
telephone numbers, or electronic addresses).  Plaintiff makes no other challenges to the Notice of
Removal and the Court finds no defects in Defendant's assertion of the Court's subject matter
jurisdiction over this case.  While the court must construe the filings of pro se parties liberally, the
court cannot "assume the role of advocate for the pro se litigant." *White v. City of Albuquerque*,
2015 WL 12915580, at *1 (D.N.M.) (citing *Hall*, 935 F.2d at 1110).  Therefore, the Court
recommends denying Plaintiff's Motion to Remand.

As for Plaintiff's request to file and receive notices electronically, the Court recommends
granting Plaintiff permission to file electronically in this case. *See* Guide for Pro Se Litigants at
13, District of New Mexico (October 2022) ("Approval to electronically file documents within a
case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to
file using their CM/ECF account.").  The Court will revoke permission to file electronically if
Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in

the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's

CM/ECF Administrative Procedures Manual.  Account registration forms, procedure manuals,

and other information can be obtained at the Court's website at

https://www.nmd.uscourts.gov/filing-information.  Plaintiff is responsible for registering to

become a participant in CM/ECF.  *See* CM/ECF Administrative Procedures Manual, District of

New Mexico (Revised January 2021).

     Finally, the Court addresses Plaintiff's Motion for Hearing, in which Plaintiff asserts that

Defendant's counsel's communications with Plaintiff have been improper and raises other

complaints about Defendant's Answer.  (Doc. 19).  Prior to Plaintiff filing his Motion to

Remand, the Court entered an Initial Scheduling Order which set a telephonic Rule 16

Scheduling Conference and ordered the parties to meet and confer to formulate a discovery plan

and prepare and file a Joint Status Report.  (Doc. 7).  Defendant's counsel's communications

with Plaintiff pursuant to this Order were proper and required by the Court.  The Court

encourages Plaintiff to become familiar with and comply with the Court's Local Rules and the

Federal Rules of Civil Procedure.  Plaintiff can find the Local Rules and Guide for Pro Se

Litigants and a link to the Federal Rules of Civil Procedure on the Court's website:

http://www.nmd.uscourts.gov.  *See* Guide for Pro Se Litigants at 4 ("Generally, *pro se* litigants

are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se*

litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil*

*Procedure* and the *Local Rules of the United States District Court for the District of New Mexico*

(the "Local Rules").").  The Court finds that a hearing is not necessary at this time and

recommends that Plaintiff's Motion for Hearing be denied.  After the motions addressed in these

Proposed Findings and Recommended Disposition have been ruled on, the Court will reset the Scheduling Conference so the parties can begin the discovery process and move this case along.

For the reasons stated above, the Court RECOMMENDS that Plaintiff's request to file electronically be GRANTED, and that Plaintiff's Motion for Default Judgment, (Doc. 8), Motion to Remand, (Doc. 15), and Motion for Hearing, (Doc. 19), be DENIED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**