IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL B. FISHER,

 Plaintiff,

v.               No. 1:23-cv-28 JB/KRS

WALMART, REGISTERED AGENT,

 Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on *pro se* Plaintiff's Motion for Summary Judgment, (Doc. 40), filed July 26, 2024.[1] On July 31, 2024, Defendant filed a response in opposition. (Doc. 42). Plaintiff did not file a reply.[2] The presiding judge referred this case to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to recommend an ultimate disposition of the case. (Doc. 11). Having considered the parties' submissions, the relevant law, and the record of the case, the undersigned recommends that the Court DENY Plaintiff's Motion for Summary Judgment.

### I. Background

On December 12, 2022, Plaintiff filed a lawsuit against Defendant in the State of New Mexico, County of Santa Fe, First Judicial District Court. (Doc. 1-1) at 5-13. Plaintiff alleges he was injured at a Wal-Mart store in Los Lunas, New Mexico on September 18, 2021, when he

---

[1] Plaintiff's Motion intimates three items at issue: (1) Plaintiff's Motion for Summary Judgment as titled; (2) an untimely response to Defendant's Motion to Compel, (Doc. 33); and (3) a claim that Defendant has withheld evidence in the case. *See generally* (Doc. 40). For purposes of this Proposed Findings and Recommended Disposition, the Court addresses Plaintiff's Motion for Summary Judgment. All additional motions and claims shall be addressed in a subsequent Proposed Findings and Recommended Disposition.

[2] Plaintiff did not file a Notice of Completion per D.N.M.LR-Civ.7.4(e). The Court, *sua sponte*, finds the Motion is ripe as the last filing in relation to the Motion was July 31, 2024, and Plaintiff has not requested leave of the Court to file an untimely reply.

slipped on the floor. (Doc. 1) at 2. Defendant removed the case to this Court on January 10, 2023,

on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *Id.* Defendant also filed an Answer

to Plaintiff's Complaint on January 10, 2023. (Doc. 3). Plaintiff now moves for summary judgment

based on the doctrine of *res ispa loquitur*. (Doc. 40) at 3, ¶ 20.

  II.  **<u>Legal Standard</u>**

   Under Federal Rule of Civil Procedure 56, a court must "grant summary judgment if the

**movant** shows that there is no genuine dispute as to any material fact and the **movant** is entitled

to judgment as a matter of law." FED. R. CIV. P. 56(a) (emphasis added). The moving party bears

the initial burden of showing "that there is an absence of evidence to support the nonmoving party's

case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "Once the moving party has met its burden,

the burden shifts to the nonmoving party to show that there is a genuine issue of material fact" by

presenting "sufficient evidence in specific, factual form for a jury to return a verdict in that party's

favor." *Bacchus Indus., Inc.*, 939 F.2d at 891; FED. R. CIV. P. 56(c)(1)("A party asserting that a

fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts

of materials in the record" or by "showing that the materials cited do not establish the absence or

presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to

support the fact."). The nonmoving party "'may not rest upon the mere allegations or denials of

his pleadings' to avoid summary judgment." *Bacchus Indus., Inc.*, 939 F.2d at 891 (quoting

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986)); *see also Celotex Corp.*, 477 U.S. at

324; *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). "An issue is 'genuine' if there is

sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.

An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of

the claim." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003).

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). However, "it is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.* Moreover, a *pro se* litigant's papers "must still comply with the minimum requirements of the [summary judgment] rules. In the absence of other evidence, an unsworn allegation does not meet the evidentiary requirements of" Federal Rule of Civil Procedure 56 and, therefore, "fails to create a genuine factual dispute" sufficient to preclude summary judgment. *Gorton v. Williams*, 309 F. App'x 274, 275 (10th Cir. 2009) (internal citation omitted); *see also Hall*, 935 F.2d at 1111.

When reviewing a motion for summary judgment, the Court must keep three principles in mind. First, the Court's role is not to weigh the evidence and determine the truth of the matter, but to assess the threshold issue of whether a genuine issue of material fact exists. *Anderson*, 477 U.S. at 249. Second, the Court must draw all reasonable inferences in favor of the non-moving party and construe all evidence in the light most favorable to that party. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999). Finally, the Court cannot decide issues of credibility. *Anderson*, 477 U.S. at 255. "[T]o survive the . . . motion, [the nonmovant] need only present evidence from which a jury might return a verdict in his favor." *Id.* at 257.

### III.    Discussion

In his Motion for Summary Judgment, Plaintiff asserts the doctrine of *res ipsa loquitur* on the basis that video surveillance demonstrates "clear negligence and an obvious attempt to coverup [the purported incident]." (Doc. 40) at 3, ¶ 20. Plaintiff further claims that the surveillance video supports the need for further interrogatories and "at least another ten witnesses." *Id.* Plaintiff also

3

cites "the recent high profile Rust case" to support the "same element of deceit." *Id.* Plaintiff attached copies of email communications with Defendant's counsel regarding access to the surveillance video, Defendant's Motion to Compel, and Plaintiff's first set of interrogatories, requests for production, and requests for admission. *See* (Doc. 40) at 4–11. In response, Defendant argues that Plaintiff's Motion for Summary Judgment should be denied because the doctrine of *res ispa loquitor* does not apply to slip-and-fall cases. (Doc. 42) at 1–2.

Plaintiff's Motion for Summary Judgment does not comply with the rules for summary judgment motions and should be denied. Under Local Rule 56.1(b), a motion for summary judgment must include "a concise statement of all of the material facts as to which the movant contends no genuine issue exists" and the "facts must be **numbered** and must refer with particularity to those portions of the record upon which the movant relies." D.N.M.LR-Civ. 56.1(b) (emphasis in original). In addition, Federal Rule of Civil Procedure 56(c)(1) requires "[a] party asserting that a fact cannot be or is genuinely disputed [to] support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, [or] affidavits or declarations[.]" FED. R. CIV. P. 56(c)(1). In his Motion for Summary Judgment, Plaintiff does not set forth undisputed facts related to his claims or attach any material evidence in support of those claims. (Doc. 40.) Rather, although sworn under penalty of perjury, Plaintiff simply declares entitlement to summary judgment with conclusory assertions and self-serving legal conclusions. (*Id.*) For instance, he alleges, without explanation or material evidence, that Defendant and its counsel have misrepresented facts and engaged in malicious abuse of process, neither of which are claims in the Complaint. (*Id.*) Finally, Plaintiff's assertion he is entitled to relief based on the doctrine of *res ispa loquitor* is unsupported by legal authority. New Mexico Supreme Court has long held that the doctrine of *res ispa loquitor* does not apply in slip-

and-fall cases. *See Caldwell v. Wal-Mart Stores, Inc.*, 229 F.3d 1162, *3 (10th Cir. 2000). Plaintiff

proffers no legal authority establishing why this Court should act in clear contradiction to binding

precedent. Thus, Plaintiff's Motion for Summary Judgment does not demonstrate "that there is no

genuine dispute as to any material fact and [that] movant is entitled to judgment as a matter of

law." FED. R. CIV. P. 56(a). The Court recommends that Plaintiff's Motion for Summary Judgment

be denied.

**IV.    Conclusion**

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for

Summary Judgment, (Doc. 40), be DENIED.


                                                     KEVIN R. SWEAZEA
                                                     UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**