IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL B. FISHER,

    Plaintiff,

v.                                                                                                  No. 1:23-cv-28 JB/KRS

WALMART, REGISTERED AGENT,

    Defendant.

## ORDER GRANTING MOTION TO COMPEL

THIS MATTER is before the Court on Defendant Walmart's Motion to Compel Plaintiff's Initial Disclosures, HIPAA Releases, and Discovery Responses ("Motion to Compel"), (Doc. 33), filed June 26, 2024. Defendant requests the Court compel Plaintiff to produce his Initial Disclosures, HIPAA releases for Plaintiff's purported medical providers, and complete responses to Defendant's First Set of Interrogatories and First Set of Requests for Production. Plaintiff's response to the Motion to Compel was due on July 10, 2024, but, to date, Plaintiff has not filed a response or moved for an extension of his response deadline.

Under the Local Rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Because Plaintiff failed to file a response within the allotted time under the Rules, the Court deems Defendant's Motion to Compel unopposed and will GRANT it.

The Court will not, however, grant Defendant the attorney fees and expenses it incurred in filing the Motion to Compel. Federal Rule of Civil Procedure 37(a)(5)(A) requires that the Court order the payment of attorney fees if it grants a motion to compel *unless*: 1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; 2) the opposing party's nondisclosure, response, or objection was substantially justified; or 3) other

circumstances make an award of expenses unjust. Here, Defendant's opening requests fees and costs incurred as permitted under Rule 37(a)(5)(A). Defendant, however, failed to raise the argument in the body of the Motion to Compel. It would be unjust for this Court to award expenses in this particular instance given Plaintiff's *pro se* status without the moving party proffering any argument in support thereto. The Court thus DENIES Defendant's request for attorneys' fees and costs.

IT IS THEREFORE ORDERED that Defendant Walmart's Motion to Compel Plaintiff's Initial Disclosures, HIPAA Releases, and Discovery Responses, (Doc. 33), is **GRANTED**. Plaintiff shall produce his Initial Disclosures **no later than close of business on March 20, 2025**. Plaintiff shall also provide complete answers to Defendant's First Set of Interrogatories, Interrogatories Nos. 3, 6, 11, 20, 23, and 25 as well as Defendant's First Set of Request for Production, Request for Production Nos. 1, 2, and 6, **no later than close of business on March 31, 2025**.

**IT IS SO ORDERED.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE