IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL B. FISHER,

    Plaintiff,

v.                                                                  No. 1:23-cv-28 JB/KRS

WALMART, REGISTERED AGENT,

    Defendant.

## ORDER DENYING MOTION TO COMPEL

THIS MATTER is before the Court on *pro se* Plaintiff Daniel B. Fisher's ("Plaintiff") Motion to Compel ("Motion"), (Doc. 34), filed June 27, 2024. Defendant Walmart ("Defendant") filed a response on July 11, 2024. (Doc. 36). Plaintiff did not file a reply and the time to do so has passed.[1] Having considered the parties' briefing, the record of the case, and relevant law, the Court DENIES the Motion.

Because Plaintiff is a *pro se* litigant, the Court must construe his pleadings liberally and hold him to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  Liberal construction requires the Court to make some allowance for Plaintiff's "failure to cite proper legal authority, [his] confusion of various legal theories, [his] poor syntax and sentence construction, or [his] unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (*quoting Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). However, "the court cannot take

---

[1] Plaintiff did not file a Notice of Completion per D.N.M.LR-Civ.7.4(e). The Court, *sua sponte*, finds the Motion is ripe as the last filing in relation to the Motion was July 11, 2024, and Plaintiff has not requested leave of the Court to file an untimely reply.

on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840.

## I. Background

On December 12, 2022, Plaintiff filed a lawsuit against Defendant in the State of New Mexico, County of Santa Fe, First Judicial District Court. (Doc. 1-1) at 5–13. Plaintiff alleges he was injured at a Wal-Mart store in Los Lunas, New Mexico on September 18, 2021, when he slipped on the floor. (Doc. 1) at 2. Defendant removed the case to this Court on January 10, 2023, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *Id.* Defendant also filed an Answer to Plaintiff's Complaint on January 10, 2023. (Doc. 3). Plaintiff now moves to compel production of a video of the incident, names and contact information of potential witnesses identified in Defendant's discovery, and proof of insurance at the time of the incident. (Doc. 34) at 1.

## II. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) allows discovery of any nonprivileged matter that is "relevant" to any party's claim or defense, provided such discovery appears "reasonably calculated to lead to the discovery of admissible evidence." At the motion to compel stage, the proponent of the motion bears the initial burden of showing that the information sought is relevant. *Metzger v. Am. Fid. Assur. Co.,* No. CIV-05-1387-M, 2007 WL 3274934, at *1 (W.D. Okla. Oct. 23, 2007) (unpublished) (citations omitted).

## III. Discussion

As a preliminary matter, Plaintiff's Motion is denied for failing to confer in good faith with Defendant prior to filing his Motion. *See* FED. R. CIV. P. 37(a)(1); D.N.M.LR-Civ. 7.1. Plaintiff states in his Motion that on June 18, 2024, the Court ordered Defendant to produce the video in question. *See* (Doc. 34) at 1. Plaintiff, however, fails to provide any information as to whether he

2

conferred with Defendant thereafter on any of the issues within the Motion. To that end, Defendant asserts Plaintiff did not confer at all. (Doc. 36) at 1. Filing the Motion without making a good faith effort to resolve the discovery disputes violates the Federal Rules of Civil Procedure. *See Naviant Mktg. Sols., Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003); *Hoelzel v. First Select Corp.,* 214 F.R.D. 634, 636 (D. Colo. 2003). For this reason alone, Plaintiff's Motion is denied.

Notwithstanding, the Court will address the merits of Plaintiff's Motion. First, Plaintiff moves to compel the production of the video of the incident in the center of this litigation. (Doc. 34) at 1. Defendant contends it produced the video not once, but six (6) times—several of which occurred *prior* to the filing of the Motion and immediately thereafter. *See* (Doc. 36) at 1–2, Exhs. 1–5. The Court thus denies Plaintiff's Motion on the grounds that Defendant has repeatedly provided the subject video.

Second, Plaintiff moves to compel the names and contact information for: (1) "the person who took the photos and the time, date, and place stamp," and (2) two of Defendant's employees. (Doc. 34) at 1. Plaintiff failed to attach to his Motion the responses and objections that the Defendant made to discovery requests related to the aforementioned information. *See* D.N.M.LR-Civ. 37.1. The Court cannot evaluate the adequacy of Defendant's responses—or lack thereof a response—without first reviewing the requests and responses. Plaintiff's failure to comply with the Court's Local Rules further prompts denial of the Motion. To that end, Defendant's response claims Plaintiff has never served *any* formal discovery requests. (Doc, 36) at 2. As such, there are no interrogatories or requests for production that may be compelled. Nevertheless, given Plaintiff's *pro se* status, Walmart proclaims it construed the requests in Plaintiff's Motion as interrogatories and responded to them in approximately August 2024. Hence, the Court denies Plaintiff's Motion because, based on the records submitted, Walmart produced the requested information.

Next, Plaintiff moves to compel production of the relevant insurance policy for the date of the incident. (Doc. 34) at 1. On July 3, 2024, Walmart served its Amended Initial Disclosures, which included the correct insurance declaration sheet. *See* (Doc. 36) at 3. The Court thus denies Plaintiff's Motion on the grounds the requested document has been produced.

## IV.   Conclusion

For the reasons stated above, Plaintiff's Motion to Compel, (Doc. 34), is **DENIED**.

**IT IS SO ORDERED.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE