**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DANIEL B. FISHER,

Plaintiff,

vs. CIV 23-0028 JB-KRS

WALMART, REGISTERED AGENT,

Defendant.

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Summary Judgment, filed July 26, 2024 (Doc. 40)("SJ Motion").[1] The primary issue is whether Plaintiff is entitled to summary judgment under a res ispa loquitor theory of negligence. Having considered the parties' submissions, the relevant law, and the record of the case, the Court denies the SJ Motion.[2]

---

[1]The Plaintiff Fisher's SJ Motion refers to: (i) an untimely response to Defendant Walmart's Motion to Compel Plaintiff's Initial Disclosures, HIPPA Releases And Discovery Responses, filed June 26, 2024 (Doc. 33); and (ii) a contention that Walmart has withheld evidence in the case. For purposes of this Order, the Court addresses Fisher's SJ Motion. The Court will address all additional motions and claims in subsequent Orders.

[2]On February 22, 2023, the Court referred this matter to The Honorable Kevin R. Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3). See Order Of Reference Relating To Non-Prisoner Pro Se Cases, filed February 22, 2023 (Doc. 11)("Reference Order"). The Tenth Circuit holds that a district judge can withdraw a referral to a magistrate judge at any time:

> Implicit in a district court's discretionary authority under 28 U.S.C. § 636(b)(1)(B) to refer a matter to a magistrate is the power to withdraw a reference. Cf. 28 U.S.C. § 636(c)(4)(permitting withdraw of reference by district court in consent cases). Moreover, nothing in Section 636 suggests that a district judge is constrained to act

## BACKGROUND

On December 12, 2022, Fisher filed a lawsuit against Walmart in the County of Santa Fe, First Judicial District Court, State of New Mexico. See Fisher v. Walmart, No. D-101-CV-2022-02325, County of Santa Fe, First Judicial District Court, State of New Mexico, Civil Complaint at 1 (dated December 12, 2022), filed January 10, 2023 (Doc. 1-1)("Complaint"). Fisher alleges he was injured at a Wal-Mart store in Los Lunas, New Mexico on September 18, 2021, when he slipped on the floor. See Complaint at 2. Walmart removed the case to this Court on January 10, 2023, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. See Notice of Removal at 1, filed January 10, 2023 (Doc. 1)("Removal Notice"). Fisher now moves for summary judgment based on the doctrine of res ispa loquitur. SJ Motion ¶ 20, at 3. Walmart filed a response. See Defendant's Response to Fisher's Motion for Summary Judgment [Doc. 40][sic], filed July 31, 2024 (Doc. 42)("Response"). Fisher did not file a reply.[3]

## LEGAL STANDARD

Under rule 56 of the Federal Rules of Civil Procedure, a court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

> on a motion pending before the court until the magistrate has issued a recommendation.

Liverman v. Comm. on the Judiciary, 51 F. App'x 825, 827 (10th Cir. 2002). In the interest of judicial efficiency, the Court will resolve Fisher's dispositive motion at this time without first awaiting Magistrate Judge Sweazea's recommendation. Nothing in this Memorandum Opinion and Order overturns the Court's Reference Order.

[3]Fisher does not file a Notice of Completion per D.N.M.LR-Civ.7.4(e). The Court concludes, however, that the SJ Motion is ripe, as the last related filing is from July 31, 2024, and Fisher has not requested leave of the Court to file a late reply.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case." Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991)(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986))("Celotex Corp."). "Once the moving party has met its burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact" by presenting "sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor." Bacchus Indus., Inc., 939 F.2d at 891; Fed. R. Civ. P. 56(c)(1)(providing that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact"). The nonmoving party "'may not rest upon the mere allegations or denials of his pleadings' to avoid summary judgment." Bacchus Indus., Inc., 939 F.2d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986)). See also Celotex Corp., 477 U.S. at 324; Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." Thom v. Bristol-Myers Squibb Co., 353 F.3d 848, 851 (10th Cir. 2003).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Hall v. Bellmon,

935 F.2d at 1110 (brackets added). Moreover,

> Although we construe a pro se litigant's pleadings liberally, they must still comply with the minimum requirements of the rules. Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). In the absence of other evidence, an unsworn allegation does not meet the evidentiary requirements of Rule 56 of the Federal Rules of Civil Procedure. Therefore, it fails to create a genuine factual dispute for summary judgment purposes.

Gorton v. Williams, 309 F. App'x 274, 275 (10th Cir. 2009).

When reviewing a motion for summary judgment, the court must keep three principles in mind. First, the court's role is not to weigh the evidence and determine the truth of the matter, but to assess the threshold issue whether a genuine issue of material fact exists. See Anderson, 477 U.S. at 249. Second, the court must draw all reasonable inferences in favor of the non-moving party and construe all evidence in the light most favorable to that party. See Hunt v. Cromartie, 526 U.S. 541, 552 (1999). Finally, the court cannot decide issues of credibility. See Anderson, 477 U.S. at 255. "[T]o survive the . . . motion, [the nonmovant] need only present evidence from which a jury might return a verdict in his favor." Anderson, 477 U.S. at 257 (brackets added).

## ANALYSIS

In the SJ Motion, Fisher asserts the doctrine of res ipsa loquitur on the basis that video surveillance demonstrates "clear negligence and an obvious attempt to coverup [the purported incident]." SJ Motion ¶ 20, at 3 (brackets added). Fisher further concludes that the surveillance video supports the need for further interrogatories and "at least another ten witnesses." SJ Motion ¶ 20, at 3. Fisher also cites "the recent high profile Rust case" to support the "same element of deceit." SJ Motion ¶ 20, at 3. Fisher attaches copies of email communications with Walmart's counsel regarding access to the surveillance video, Walmart's Motion to Compel, and Fisher's first

set of interrogatories, requests for production, and requests for admission. See SJ Motion at 4-11. In response, Walmart argues that the Court should deny the SJ Motion because the doctrine of res ispa loquitor does not apply to slip-and-fall cases. See Response at 1-2.

As a preliminary matter, Fisher's SJ Motion does not comply with the rules for summary judgment motions. Under D.N.M.L.R.-Civ. 56.1(b), a motion for summary judgment must include "a concise statement of all of the material facts as to which the movant contends no genuine issue exists," and the "facts must be numbered and must refer with particularity to those portions of the record upon which the movant relies." D.N.M.LR-Civ. 56.1(b). In addition, rule 56(c)(1) of the Federal Rules of Civil Procedure requires "[a] party asserting that a fact cannot be or is genuinely disputed [to] support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, [or] affidavits or declarations[.]" Fed. R. Civ. P. 56(c)(1)(brackets added). In the SJ Motion, Fisher does not set forth undisputed facts related to his claims or attach any material evidence in support of those claims. See SJ Motion. Rather, although sworn under penalty of perjury, Fisher declares entitlement to summary judgment with conclusory assertions and self-serving legal conclusions. See SJ Motion at 1-3. For instance, he alleges, without explanation or material evidence, that Walmart and its counsel have misrepresented facts and engaged in malicious abuse of process, neither of which are claims in the Complaint. See SJ Motion ¶ 15-20, at 2-3.

Alternatively, the Court denies Fisher's SJ Motion because his assertion that he is entitled to relief because of the doctrine of res ispa loquitor lacks support in legal authority. In New Mexico, the owner of a premises is not the insurer of visitors' safety. See Brooks v. K-Mart Corp., 1998-NMSC-28 ¶ 10, 964 P.2d 98, 101 ("Brooks"). Neither the doctrine of res ipsa loquitur nor

the concept of strict liability applies in slip-and-fall cases. See Brooks, 1998-NMSC-28 ¶ 10, 964 P.2d at 101 (stating that strict liability does not apply); Holguin v. Smith's Food King Properties, Inc., 1987-NMCA-060 ¶ 18, 737 P.2d 96, 98 ("Holguin")(stating that res ipsa loquitur does not apply)(quoting Kitts v. Shop Rite Foods, Inc., 1958-NMSC-039 ¶ 9, 323 P.2d 282, 284).

Rather, a plaintiff seeking to hold a premises owner liable for a slip-and-fall accident must show that the owner "failed to exercise ordinary care by rendering safe an unreasonably dangerous condition on the premises." Brooks, 1998-NMSC-28 ¶ 10, 964 P.2d at 101. There are two ways of establishing this element of the plaintiff's case. First, the plaintiff may prove that the owner, or his employees or agents cause the dangerous condition to exist, resulting in the plaintiff's injury. See Holguin, 1987-NMCA-060 ¶ 18, 737 P.2d at 98. Second, a plaintiff may prove that the owner knew or should reasonably have known of the condition, yet failed to rectify the condition. See Brooks, 1998-NMSC-28 ¶ 10, 964 P.2d at 101.

In this case, Fisher proffers no legal authority establishing why this Court should act in contradiction to binding precedent and apply the doctrine of res ipsa loquitur. Thus, the SJ Motion does not demonstrate "that there is no genuine dispute as to any material fact and [that] movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)(brackets added). The Court, therefore, denies the SJ Motion.

**IT IS ORDERED** that the Plaintiff's Motion for Summary Judgment, filed July 26, 2024 (Doc. 40), is denied.

UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Daniel B. Fisher
Santa Fe, New Mexico

*Plaintiff pro se*

Megan T. Muirhead
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

*Attorneys for the Defendant Walmart*