## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DANIEL B. FISHER,

     Plaintiff,

v.                                                          No. 1:23-cv-28 JB/KRS

WALMART, REGISTERED AGENT,

     Defendant.

### ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE

THIS MATTER is before the Court on *pro se* Plaintiff Daniel B. Fisher's ("Plaintiff") Motion to Extend Deadline for Depositions, (Doc. 50), filed December 30, 2024.[1] Defendant Walmart ("Defendant") filed a response on January 9, 2025. (Doc. 53). Plaintiff did not file a reply and the time to do so has passed.[2] Having considered the parties' briefing, the record of the case, and relevant law, the Court DENIES the Motion.

Because Plaintiff is a *pro se* litigant, the Court must construe his pleadings liberally and hold him to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires the Court to make some allowance for Plaintiff's "failure to cite proper legal authority, [his] confusion of various legal theories, [his] poor syntax and sentence construction, or [his] unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110

---

[1] In the Motion, Plaintiff proffers "things to be considered" in support of his Motion for Summary Judgment, (Doc. 40). (Doc. 50) at 2. The Court need not address nor consider Plaintiff's arguments in support of his Motion for Summary Judgment as the Court has already denied Plaintiff's Motion for Summary Judgment. *See* (Doc. 62).

[2] Plaintiff did not file a Notice of Completion per D.N.M.LR-Civ.7.4(e). The Court, *sua sponte*, finds the Motion is ripe as the last filing in relation to the Motion was January 9, 2025, and Plaintiff has not requested leave of the Court to file an untimely reply. *See also*, D.N.M.LR-Civ.7.1(b) ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.").

(10th Cir. 1991)). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840.

### I.    <u>Background</u>

On December 12, 2022, Plaintiff filed a lawsuit against Defendant in the State of New Mexico, County of Santa Fe, First Judicial District Court. (Doc. 1-1) at 5–13. Plaintiff alleges he was injured at a Wal-Mart store in Los Lunas, New Mexico on September 18, 2021, when he slipped on the floor. (Doc. 1) at 2. Defendant removed the case to this Court on January 10, 2023, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *Id.* Defendant also filed an Answer to Plaintiff's Complaint on January 10, 2023. (Doc. 3). On June 18, 2024, following a telephonic Rule 16 scheduling conference, the Court entered a Scheduling Order setting close of discovery as December 16, 2024. (Doc. 31) at 2.

Plaintiff now moves, 15-days after the close of discovery, to extend the discovery deadline for depositions. (Doc. 50) at 1. In his Motion, Plaintiff contends he attempted to schedule the depositions of three (3) current and former managerial employees between September and October 2024. *Id.* Defense counsel, however, repeatedly delayed and obfuscated the depositions. (*Id.*) He further claims Defense counsel went so far as to sabotage his own deposition by refusing to respond to email, unilaterally setting his deposition, and providing different times for the deposition on the same correspondence. (*Id.*) Plaintiff did not attach any exhibits in support of his Motion. (*Id.*)

Defendant opposes the Motion for several reasons. First, the Motion is untimely. (Doc. 53) at 2. The parties were required to complete discovery on or before December 16, 2024. (*Id.*) Plaintiff was required to move for an extension prior to the close of discovery. (*Id.*). A fact Defense counsel apprised Plaintiff of in November 2024. (*Id.* at 2–3.) Next, Defendant asserts Plaintiff failed to state a legitimate basis for extending the discovery deadline nor can he present one given his dilatory tactics

in this case. (*Id.* at 3). Furthermore, the written e-mail correspondences between Plaintiff and Defense counsel establish that Defendant has not impeded Plaintiff's ability to depose any of its employees. (*Id.* at 4–5). Rather, Plaintiff continually failed to provide Defendant specifics as to whom he wanted to depose, when, and by what means (Zoom or in person). (*Id.* at 4–5). The correspondences also show Plaintiff failed to communicate entirely, did not respond to proposed dates for each deponent, and never formally noticed the depositions despite Defendant's ongoing communication. (*Id.* 5–7). Finally, Defendant reiterates that any delay in discovery has solely been caused by Plaintiff's unwillingness to cooperate and adhere to this Court's Scheduling Order, the Local Rules, and Federal Rules of Civil Procedure. (*Id.* at 8–9).

## II.    Legal Standard

Under Fed. R. Civ. P. 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." *See also* D.N.M. LR-Civ. 16.1; *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."). The good cause standard can be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed," and "this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Assn.*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citation omitted). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007) (Browning, J.).

## III.    Discussion

Plaintiff asks the Court to amend the Scheduling Order to allow him to conduct the deposition

of three (3) current and former employees of Defendant. (Doc. 50) at 1. The Court notes Plaintiff did not ask for a new discovery deadline date. The Court perceives the omission to be accidental given Plaintiff's *pro se* status. Nevertheless, the omission does not affect the Court's findings.

In his Motion, Plaintiff makes sweeping assertions in an attempt to impugn the integrity of Defense counsel. Plaintiff is cautioned to avoid such unseemly accusations, especially when he has provided no evidentiary basis for them other than his mere allegation. Plaintiff, as a *pro se* litigant, is expected to conduct himself with the same decorum and common courtesy expected of attorneys, and must refrain from asserting an issue "unless there is a basis in law and fact." *See* NMRA 16-301, New Mexico Rules of Professional Conduct, *see also* NMRA 16-305(D). Further examples of such conduct by Plaintiff may lead to the imposition of sanctions, including contempt of court or depending on the severity of the violation, loss of the right to appear *pro se* in this Court.

As for the relief sought, the Court denies Plaintiff's Motion on the basis that it is untimely. The Court's Scheduling Order clearly states that the Court must approve any changes to the timing of discovery via a motion "*before the termination of discovery*." (Doc. 31) at 2 (emphasis added). Defendant apprised Plaintiff of the requirement to adhere to this rule. (Doc. 52) at 2–3. Yet, Plaintiff waited until *fifteen days after the close of discovery* to file the instant Motion. It is well-establish in this Court, and this District, that *pro se* litigants are required to follow orders entered by this Court, the Court's Local Rules, and the Federal Rules of Civil Procedure. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (explaining a party's *pro se* status does not excuse his obligation to comply with the fundamental requirements of civil procedure rules or orders of the Court); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (explaining *pro se* parties must comply with same procedural rules that govern all other litigants). The Court thus denies Plaintiff's Motion for this reason alone.

The Court further finds Plaintiff's Motion is denied for failure to demonstrate good cause to extend the discovery deadline. Plaintiff's Motion is riddled with self-serving allegations and no factual support, *i.e.*, documentation of e-mail correspondences. He argues, *construing his pleading liberally*, he has good cause to extend the discovery deadline because Defendant would not identify the three (3) witnesses in the video. (Doc. 50) at 1. Defendant's exhibits, however, contradict Plaintiff's contention. *See* (Docs. 53-3 thru 53-10). Defendant diligently attempted to schedule the depositions once Plaintiff provided identifying information as to whom he sought to depose. Matter of fact, the e-mail correspondences between Defense counsel and Plaintiff show no evidence of delaying or obfuscating discovery on part of Defendant. It is Plaintiff who has caused considerable delay in these proceedings. Moreover, Plaintiff does not state what new information he seeks from the depositions other than his want to depose the witnesses. (Doc. 50) at 1. He also has not demonstrated why he failed to notice the depositions after multiple dates were provided by Defense counsel. Accordingly, the Court finds Plaintiff has not shown any diligent efforts to meet the discovery scheduling deadline. The Court, thus, finds no good cause to modify the Scheduling Order and denies Plaintiff's Motion.

## IV.    <u>Conclusion</u>

For the reasons stated above, Plaintiff's Motion to Extend Deadline for Depositions (Doc. 50) is **DENIED**.

**IT IS SO ORDERED.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE