IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL B. FISHER,

    Plaintiff,

vs.                                                                                       No. CIV 23-0028 JB/KRS

WALMART, REGISTERED AGENT,

    Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 9, 2023 (Doc. 66)("PFRD"). In the PFRD, the Honorable Kevin R. Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, recommends granting Defendant's Motion for Sanctions, filed January 6, 2025 (Doc. 52)("Defendant's Sanctions Motion"). Magistrate Judge Sweazea further recommends dismissing the lawsuit with prejudice. See PFRD at 12-24. Magistrate Judge Sweazea also recommends denying Plaintiffs [sic] Motion for Sanctions Response to Defendant's Motion for Sanctions Motion for a Hearing, filed February 7, 2025 (Doc. 56)("Plaintiff's Sanctions Motion"). See PFRD at 24-25.

The PFRD notifies the parties of their ability to file objections within fourteen days and that failure timely to file objections waives appellate review. See PFRD at 25. To date, neither party has filed any objections, and there is nothing in the record indicating that the proposed findings are not delivered.[1] The Court does not review the PFRD de novo, because there are no

---

[1]Plaintiff David Fisher elects to receive notification via e-mail from the Court's Case Management/Electronic Case File system. See United States District Court, District of New

objections, but carefully reviews the PFRD and the briefs, including the Defendant's Sanctions Motion, as well as the Plaintiff's Sanctions Motion. The Court concludes that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court: (i) adopts the PFRD; (ii) grants Defendant's Sanctions Motion, (iii) denies Plaintiff's Sanctions Motion; and (iv) dismisses Plaintiff's Civil Complaint (dated December 12, 2022), filed January 10, 2023 (Doc. 1-1), with prejudice.

## LAW REGARDING OBJECTIONS TO THE PFRD

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Under the Rule, when resolving objections "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also

---

Mexico CM/ECF Pro Se Notification Form at 1, filed June 12, 2024 (Doc. 28). Fisher also attended a status conference hearing before Magistrate Judge Sweazea on April 22, 2025. See Clerk's Minutes at 1, filed April 22, 2025 (Doc. 68). During the status conference, Fisher acknowledges the PFRD, but does not he indicate that he has or will file objections to the PFRD. See Clerk's Minutes at 1.

- 2 -

receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to the magistrate's report enables the district judge to focus attention on those issues --factual and legal-- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, & Contents, Known as: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit notes, "the filing of objections advances the interests that underlie the Magistrate's Act[, 28 U.S.C. §§ 631-39], including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426

Courts of Appeals where district courts elect to address merits despite potential application of waiver rule, but Courts of Appeals opt to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980)("Raddatz"). The Tenth Circuit states that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court of the United States notes that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD. See Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty.).

Where no party objects to the Magistrate Judge's PFRD, the Court reviews, as a matter of course in the past and in the interests of justice, the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401 (D.N.M. December 28, 2012)(Browning, J.)("Workheiser"), where the plaintiff fails to respond to the Magistrate Judge's

PFRD, although the Court determines that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings," the Court nevertheless conducts such a review. 2012 WL 6846401, at *3.  The Court generally does not review, however, the Magistrate Judge's PFRD de novo and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously] contrary to law, or an abuse of discretion."  Workheiser, 2012 WL 6846401, at *3.

This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to be at the bottom of the order adopting the Magistrate Judge's PFRD.

## **ANALYSIS**

The Court carefully reviews the PFRD.  The Court does not review the PFRD de novo, because the parties do not object to it, but rather reviews the PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  Accordingly, the Court adopts the recommendations.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed April 9, 2023 (Doc. 66), is adopted; (ii) the Defendant's Motion for Sanctions,

filed January 6, 2025 (Doc. 52), is granted; (iii) the Plaintiff's Motion for Sanctions Response to Defendant's Motion for Sanctions and Motion for a Hearing, filed February 7, 2025 (Doc. 56), is denied; (iv) the Plaintiff's Civil Complaint (dated December 12, 2022), filed January 10, 2023 (Doc. 1-1), is dismissed with prejudice; (v) the case is dismissed with prejudice; and (vi) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Daniel B. Fisher
Santa Fe, New Mexico

  *Plaintiff pro se*

Megan T. Muirhead
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

  *Attorneys for the Defendant Walmart*